## W. R. CROSS and J. A. MERCER, *Ex parte.*

1. CONSTITUTIONAL LAW. *Justices of the peace. Term of office.* The Legislature has no power to abridge the lien of office of justices, under any circumstances, by an affirmative enactment, to a less period than the term fixed by the Constitution, to-wit, six years.

2. SAME. *Same. Election by incorporated towns. Effect of repeal of charter.* The repeal by the Legislature of the charter of a town, authorized by section 392, M. & V. Code, to elect an additional justice of the peace, has no effect upon the election of a justice, who was chosen under said section, before the repeal of the charter.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county.     J. O. PIERCE, J.

B. J. KIMBROUGH, HARRIS & TURLEY, TAYLOR

& CARROLL, YOUNG & MARTIN and JNO. MC. BROOKS for Cross and Mercer.

R. D. JORDAN for Shelby county.

FREEMAN, J., delivered the opinion of the court.

The above parties held the offices of justice of the peace of Shelby county, the one having been elected for the then incorporated town of Bartlett, the other for Haysville. The Legislature, after their election, by the acts of 1885, chapter 36, page 89, and by chapter 114, page 219, of said acts, repealed the charters of the towns of Bartlett and Haysville. Thereupon, on the occasion of an election of a chairman of the county court, said court, by resolution, excluded said parties from participation in the proceedings of said court, on the ground that they were no longer justices of the peace of the county, having ceased to be such by virtue of the repeal of the acts of incorporation of the above towns wherein they had been elected justices. From this there was an appeal to the circuit court, where the judgment or resolution of the county court was affirmed, from which there is an appeal in error to this court, the form of the proceeding being waived.

The act of the Legislature repealing the charter of the town of Bartlett has two sections. By the first, the act of incorporation is simply repealed. By the second, it is provided "that the mayor and other officers of said corporation of Bartlett, and those holding office by virtue of said corporation shall, within thirty days, deposit all books and papers belonging to

their offices with the clerk of the county court, etc."
The act repealing the town of Haysville, is a simple
repeal of the act of incorporation. The justices who
are making this contest were elected under the pro-
vision of our Constitution and the act of the Legis-
lature passed to effectuate it, the first of which is,
Article 6, section 157, after providing for civil dis-
tricts, "there shall be two justices of the peace and
one constable elected in each district by the qualified
voters therein, except districts including county towns,
which shall elect three justices and two constables.
\* \* The Legislature shall have power to provide
for the appointment of an additional number of jus-
tices of the peace in incorporated towns."

The Legislature, to effectuate this last clause, enacted,
as given in M. & V. Code, section 392, that "for
every county town or incorporated town, one justice
is to be elected by the qualified voters therein." The
jurisdiction of justices, as provided for by the Consti-
tution, "shall be co-extensive with the county, and
they are to be elected for the term of six years."
In this respect there is no difference between the jus-
tices provided for each civil district and those that
may be provided for by the Legislature in incorporated
towns, under the last clause.

The question is, whether the repeal of the acts of
incorporation of these towns removes the justices elected,
according to the above clauses of our Constitution, and
the statute providing for this, or do they still remain
justices of the county for the full term of six years?
It is settled by our decisions that the Legislature had

no power to abridge the lien of office of the justices of the peace, under any circumstances, by an affirmative enactment, to a less period than the term provided by the Constitution, to-wit, six years: 2 Hum., 24; 9 Hum., 208; 3 Sneed, page 6. This is so obvious as to need no additional argument. The Constitution has fixed the term of office at six years. It is true a change was made, in one case only, by the Constitution of 1870, providing that "no appointment or election to fill a vacancy shall be made for a period extending beyond the unexpired term": Article 7, sec. 5. But this only emphasizes the general rule by a well defined exception, which does not include the parties in the present case.

It is insisted, however, that the case of *Halsey* v. *Gaines*, 2 Lea, and the view therein given of the power of the Legislature to repeal the law establishing judicial circuits and special courts to be held by judges assigned to these circuits, involves the conclusion that, when the town ceases to be an incorporated town, a justice of the peace elected by the citizens of that town, under the provisions we have cited, *ipso facto* is removed from office, and he ceases to be a justice at all.

The whole theory of the opinion referred to is based on the power of the Legislature to ordain and establish inferior courts, and as many circuit and chancery courts as the public necessities might demand, and then to assign judges to such courts, as provided in Article 6, section 4, of the Constitution. It was there maintained that, as the judge was to be elected

to hold a court previously established, that the abolition of the court involved the abolition of the office, as it was deemed an anomaly under our Constitution that there should be a judge without a court to hold. I dissented from all this at the time, and still adhere to the views then maintained. But we have here quite a different case. There are no justices' courts or circuits provided for by the Constitution, only an election or appointment of these officers, and the people designated who may elect them. In the case of an incorporated town, it is provided the inhabitants shall have the power to elect; when so elected, they are then justices of the peace of the county, not of that corporation, and have jurisdiction co-extensive with the county. The Constitution, then, in imperative terms, provides they shall be elected for six years, and they are so commissioned by the governor. They must so hold, unless some other provision of the Constitution, by fair and reasonable implication, forbids, under prescribed circumstances, or authorizes the Legislature to remove from office in a shorter period.

By Article 5, section 5, of the Constitution, a provision is made for "removal of justices of the peace and other civil officers, on conviction for crimes or misdemeanors in office after indictment, and then, by the judgment of the court, they are to be removed from office, as if found guilty on impeachment."

The logical result that follows from the repeal of the act of incorporation of a town, having the power, by virtue of its corporate existence, to elect a justice, is not that the justice that has been elected shall

cease to be a justice of the county, but only that the town for the future shall not have the power of election. This is the legitimate result of such repeal and no more. If it had been intended that the repeal of the act of incorporation should deprive the justice of his office, it would have been easy, and the most natural thing, to have added a few words to the clause, authorizing the Legislature to provide "for the appointment of an additional number of justices of the peace in incorporated towns," and simply to have said, "who should only hold their offices while said town remained incorporate."

In view of the imperative term of office fixed by the Constitution, the means provided for removal by indictment and conviction, and the fact that no justices' courts are established or authorized, but only justices, and that the election is not as justice of a particular court at all, but a justice of the county, and the other considerations herein mentioned, we hold that the repeal of the acts of incorporation was not intended, nor could it have been done if so intended, to remove the justices elected by such towns from office. No such effect follows as a logical result, and therefore it can not be assumed as the result of the repeals referred to.

The result is, the judgment of the circuit court is reversed, and a judgment rendered here in accord with this opinion.